THE MOHAWK AND HUDSON RAIL ROAD COMPANY, plaintiffs in error, v. JOHN BROWN, defendant in error.—*Judgment reversed, venire de novo by the Supreme Court, costs to abide the event.* M. T. REYNOLDS, for plaintiffs in error; A. TABER and JOSHUA A. SPENCER, for defendant in error.   This was an action of trespass on the case brought by Brown, the defendant in error, against the plaintiffs in error, for damages which accrued in the loss and injury to the plaintiffs' property, consisting of buildings, tan-works, &c., by a flood in the Mohawk river and Mill creek at Schenectady, where the plaintiffs' property was situated, and which he alleged was in consequence of the defendant's carelessly, unskilfully, insufficiently and unsafely making, keeping, maintaining and continuing their rail road, embankment and bridge along and across Mill creek, above where plaintiffs' premises were situated. The cause was tried before GRIDLEY, circuit judge, March 10, 1843, and a verdict rendered for plaintiff, Brown, for $5,807.41.   The defendants moved the Supreme Court for a new trial on a case and bill of exceptions, which was denied—BRONSON, chief justice, delivering the opinion of the court.   The case is not reported in the Supreme Court or Court of Appeals.   It was a question of evidence merely, including that of experts.

CORNELIUS VAN GIESEN, plaintiff in error, v. JAMES C. FULLER, defendant in error.—*Judgment affirmed.*   C. TUCKER, for plaintiff in error; H. R. SELDEN and A. TABER, for defendant in error.   This was an action of ejectment, and the principal question was, the legality of a sale under a decree of foreclosure—the land lying in different counties. (Reported 4 Hill, 171.)   Not reported in Court of Appeals.

ERASTUS CORNING and JAMES HORNER, plaintiff in error, v. JAMES McCULLOUGH, defendant in error.—*Judgment reversed, and judgment for the plaintiffs on the demurrer to the defendant's second plea.* N. HILL, Jr. and D. BURWELL, for plaintiffs in error, J. C. SMITH and JOHN VAN BUREN, for defendant in error.   The questions in this case were, in relation to the statute of limitations in suits against stockholders of a corporation sought to be charged individually, and the liability of stockholders.   (Reported 1 Comstock, 47.)